No. 26-1021

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NATIONAL FAMILY FARM COALITION, *et al.*,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

*Respondents*,

ON PETITION FOR REVIEW FROM THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY

**PETITIONERS' MOTION TO QUALIFY AS A COMEBACK CASE
AND/OR ASSIGN CASE TO PRIOR PANEL**
(HAWKINS, J., MCKEOWN J., and FLETCHER, J.)
_____

CENTER FOR FOOD SAFETY
George A. Kimbrell
Kingsly A. McConnell
2009 NE Alberta St., Suite 207
Portland, OR 97211
T: (971) 271-7372
gkimbrell@centerforfoodsafety.org
kmcconnell@centerforfoodsafety.org

CENTER FOR BIOLOGICAL DIVERSITY
Stephanie M. Parent
Benjamin T. Rankin
PO Box 11374
Portland, OR 97211
T: (503) 320-3235
sparent@biologicaldiversity.org
brankin@biologicaldiversity.org

*Counsel for Petitioners*

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION AND SUMMARY OF ARGUMENT ......................................... 1

PROCEDURAL BACKGROUND ........................................................................ 3

ARGUMENT ......................................................................................................... 7

CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Am. Soybean Ass'n v. EPA*, Case No. 26-1326 (8th Cir. Feb. 24, 2026) ........................ 3

*Am. Soybean Ass'n v. Regan*, 77 F.4th 873 (D.C. Cir. 2023) .......................................... 6

*Ctr. For Biological Diversity v. EPA (NFFC III)*, No. CV-20-00555-TUC-DCB,
    2024 WL 455047 (D. Ariz. Feb. 6, 2024) ................................................... 2, 6, 7

*League of United Latin Am. Citizens v. Wheeler*, 940 F.3d 1126 (9th Cir. 2019) ..... 8, 10

*Lowe v. Johnson*, 701 F. App'x 548 (9th Cir. 2017) ..................................................... 10

*Nat'l Family Farm Coal. v. EPA (NFFC I)*, 747 Fed. App'x 646 (9th Cir. 2019) ... *passim*

*Nat'l Family Farm Coal. v. EPA (NFFC II)*, 960 F.3d 1120 (9th Cir. 2020) ............ *passim*

*Nat'l Family Farm Coal. v. EPA*, No. 20-73750 (9th Cir. Jan. 26, 2021) ................ 1, 5, 6

*Oregon Natural Desert Ass'n v. Rose*, No. 20-35641 (9th Cir. 2020) ............................ 10

*Parsons v. Ryan*, 949 F.3d 443 (9th Cir. 2020) ........................................................... 10

*United Farmworkers of America v. EPA*, 592 F.3d 1080 (9th Cir. 2010) ........................ 6

*United Transp. Union v. Burlington N. Santa Fe Ry. Co.*,
    708 F. App'x 330 (9th Cir. 2017) ................................................................. 10

**Statutes**

7 U.S.C. § 136n(a) ............................................................................................................ 6

7 U.S.C. § 136n(b) ............................................................................................................ 6

28 U.S.C. § 2112(a)(5) ...................................................................................................... 3

**Other Authorities**

Ninth Circuit General Order 1.12 ....................................................................... 1, 7, 8

Ninth Circuit General Order 3.6 .............................................................................. 10

Ninth Circuit General Order 3.6(d) ................................................................. 1, 7, 10

*The Appellate Lawyer Representatives' Guide: To Practice in the United States Court of Appeals for the Ninth Circuit* (May 2021 ed.), https://cdn.ca9.uscourts.gov/datastore/uploads/guides/AppellatePracticeGuide.pdf. ........................................................................................................... 8

INTRODUCTION AND SUMMARY OF ARGUMENT

Petitioners National Family Farm Coalition, Center for Biological Diversity, Pesticide Action and Agroecology Network, and Center for Food Safety (collectively, Petitioners) respectfully move this Court to calendar the above-captioned case as a comeback case under Ninth Circuit General Orders 1.12 and 3.6(d) or otherwise assign the case to the same panel that adjudicated and decided the two prior petitions for review concerning the same subject matter.

This is the fourth case challenging the Environmental Protection Agency (EPA)'s registration actions allowing for the spraying of pesticide products containing dicamba "over the top" (OTT) of cotton and soybeans that have been genetically engineered to be resistant to dicamba. The same panel (Hawkins, J., McKeown, J., and Fletcher, J.) heard the first two cases, which ran from 2016 to 2020. *Nat'l Family Farm Coal. v. EPA* (*NFFC I*), 747 Fed. App'x 646 (9th Cir. 2019) (after oral argument, dismissing the petition as moot because EPA issued a new dicamba registration); *Nat'l Family Farm Coal. v. EPA* (*NFFC II*), 960 F.3d 1120 (9th Cir. 2020) (vacating the unlawful registration for numerous violations of FIFRA). In the third case, a challenge to EPA's October 2020 registration, the same panel initially granted petitioners' motion to assign the petition to the prior panel. *Nat'l Family Farm Coal. v. EPA*, No. 20-73750, ECF No. 22 (9th Cir. Jan. 26, 2021).

However, due to that case's unique procedural posture, the matter was instead ultimately adjudicated by the U.S. District Court for the District of Arizona, which again ruled for the plaintiffs (now Petitioners), and again vacated the registration. *Ctr. for Biological Diversity v. EPA* (*NFFC III*), No. CV-20-00555-TUC-DCB, 2024 WL 455047, at *25–26 (D. Ariz. Feb. 6, 2024), *no appeal filed*.

Having the same panel that decided *NFFC I* and *NFFC II* also adjudicate the current matter (*NFFC IV*) will serve the interests of judicial economy and the efficient administration of justice. In both *NFFC I* and *NFFC II*, the parties fully briefed the merits of the registration, and the panel heard oral arguments. Although the first petition was dismissed as moot following the subsequent superseding registration, the same panel issued an order retaining jurisdiction over the second petition. Order, *NFFC II*, No. 19-70115 (9th Cir. Oct. 31, 2019), ECF No. 60. At the end of *NFFC II*, the panel issued a detailed, 56-page opinion holding that EPA's 2018 dicamba new-use registration violated the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) in no less than six ways and vacating EPA's new use registration. *NFFC II*, 960 F.3d 1120 (9th Cir. 2020).

Accordingly, the panel that heard and decided *NFFC I* and *NFFC II* has extensive experience with the complex factual, procedural, and regulatory background relevant to the present case, including the risk assessment process by

which EPA evaluates risks of OTT dicamba use and the documented and extensive damage caused by EPA's prior registrations. Many of the core claims and key questions presented in this case turn on whether EPA complied with this Court's 2020 opinion and order. Judicial economy will be served by assigning the present Petition for Review to the panel that decided *NFFC I* and *NFFC II*.

Petitioners also note that the American Soybean Association recently filed a petition for review of the EPA registration order at issue here in the Court of Appeals for the Eighth Circuit. Petition for Review, Doc Entry 5611718 (8th Cir. Feb. 24, 2026). Should the United States Judicial Panel on Multidistrict Litigation consolidate challenges in any court other than this one, Petitioners intend to move to transfer the consolidated cases back to this Court pursuant to 28 U.S.C. § 2112(a)(5) because this is the tribunal that best serves the interests of justice and sound judicial administration.

Counsel for EPA, Sara Warren, stated that EPA opposes this motion.

## PROCEDURAL BACKGROUND

This marks the fourth case since 2016 concerning EPA's registrations of dicamba for OTT spraying on cotton and soybeans genetically engineered to resist dicamba, two of which the same panel of this Court adjudicated. The same four nonprofit organizations that are the Petitioners here challenged EPA's original

3

November 2016 registration. That petition for review was then amended to also encompass the fall 2017 amendment of the registration of dicamba for OTT use on cotton and soybeans in *NFFC I*. That initial registration period was for two years, expiring in November 2018. After completing briefing and an August 2018 oral argument, but before the Court issued a decision, in November 2018 EPA issued a second registration of the new OTT uses of dicamba on soy and cotton. The Court subsequently deemed the first case moot and required the Petitioners to re-file, while ordering that the refiled case be expedited. *NFFC I*, 747 F. App'x 646 (9th Cir. 2019).

The same Petitioners then filed a new petition challenging EPA's 2018 registration. *NFFC II*, 960 F.3d at 1129. The *NFFC II* panel issued an order retaining jurisdiction over the new petition. Order, *NFFC II*, No. 19-70115 (9th Cir. October 31, 2019), ECF No. 60. The Court heard oral argument again in April 2020 and issued its decision granting the petition for review in June 2020, holding that EPA violated FIFRA in issuing the registration and vacating it. *See NFFC II*, 960 F.3d at 1124, 1144.

Among other holdings, the Court concluded that EPA violated FIFRA by substantially underestimating several important risks and costs, including the amount of dicamba sprayed, the number of injury reports, and the amount and costs

4

of crop damage from spraying. *Id.* at 1124, 1136–39, 1144. The Court also found that EPA completely failed to acknowledge, consider, and account for several other additional costs, such as economic losses ensuing from anti-competitive effects of the registration, as well as the social costs of strife and dissension in farming communities triggered by rampant off-target dicamba damage to neighbors' crops. *Id.* at 1124, 1142–43.

Finally, it held that EPA violated FIFRA by relying on extreme and unrealistic label mitigation—in the form of weather, temperature, and geographic label use restrictions—to conclude that its approval would have no adverse economic and environmental effects, despite substantial record evidence that farmers could not follow the restrictions and have any hope of controlling weeds. *Id.* at 1139–42, 1144. EPA failed to consider and analyze whether following those directions was possible in real world farming conditions. *Id.* As to remedy, in light of these "substantial" flaws in EPA's decision, this Court vacated the registration. *Id.* at 1145.

EPA nonetheless re-registered dicamba for OTT use just four months later, in October 2020, without notice and comment and without remedying the legal errors held by this Court. The same panel of this Court initially granted Petitioners' motion to assign the petition to the prior panel. *Nat'l Family Farm Coal. v. EPA*, No. 20-73750, ECF No. 22 (9th Cir. Jan. 26, 2021). However, due to that case's unique

5

procedural posture,[1] the matter was ultimately adjudicated by the U.S. District Court for the District of Arizona, which again ruled for the plaintiffs (now again Petitioners), and again vacated the registration. *Ctr. for Biological Diversity v. EPA* (*NFFC III*), No. CV-20-00555-TUC-DCB, 2024 WL 455047, at *25–26 (D. Ariz. Feb. 6, 2024), *no appeal filed*. Notably, in its remedy analysis vacating the 2020 registration, the district court logically discussed at length and relied on this Court's panel decision in *NFFC II*. *Id.* at *13, 14–15, 17, 23–24.

---

[1] That case was adjudicated by the district court rather than this Court because EPA unlawfully withheld public comment, and FIFRA's jurisdictional provisions mandate different venues depending on whether there is public notice and comment (direct petitions for review to the court of appeals within 60 days) or not (district court jurisdiction). 7 U.S.C. § 136n(b); *United Farmworkers of America v. EPA*, 592 F.3d 1080, 1082 (9th Cir. 2010); *National Family Farm Coalition (NFFC I) v. EPA*, 960 F.3d 1120, 1131 (9th Cir. 2020). This time it is undisputed that EPA provided public notice and comment, placing jurisdiction indisputably with this Court. *Id.*

In *NFFC III*, although this Court granted the comeback motion, it had to transfer the matter to the U.S. Court of Appeals for the D.C. Circuit, because former Amici supporting the registration before this Court filed a separate challenge alleging that the 2020 registration was too "onerous" on dicamba sprayers (but only seeking declaratory relief, not vacatur of the registration). The Judicial Panel on Multidistrict Litigation consolidated petitions for review there. *Nat'l Family Farm Coal. v. EPA*, No. 20-73750, ECF No. 22 (9th Cir. Jan. 26, 2021). Ultimately, the D.C. Circuit determined it did not have jurisdiction over the petitions because EPA did not hold notice and comment, and therefore, jurisdiction lay in the district court. *See Am. Soybean Ass'n v. Regan*, 77 F.4th 873, 877 (D.C. Cir. 2023); *compare* 7 U.S.C. § 136n(a) (providing for jurisdiction in the district court where an order is issued without a public hearing), *with* 7 U.S.C. § 136n(b) (providing jurisdiction in the circuit court of appeals where an order is issued after a public hearing). Petitioners' case then proceeded in district court to resolution. *Ctr. for Biological Diversity v. EPA* (*NFFC III*), No. CV-20-00555-TUC-DCB, 2024 WL 455047, at *25–26 (D. Ariz. Feb. 6, 2024), *no appeal filed.*

6

Following the District of Arizona's 2024 vacatur of the 2020 registration in the third case, in February 2026, EPA has yet again registered dicamba for new OTT use on cotton and soy in a decision with substantially similar legal errors to the prior approval that this Court vacated in June 2020. Petitioners now challenge the new 2026 Registration, contending that, among other things, EPA did not address the legal violations held by the Court in *NFFC II*. In short, *NFFC I*, *NFFC II*, and the present case all involve EPA's series of related decisions[2] approving new use spraying of dicamba on cotton and soybeans with overlapping legal, scientific, and factual issues.

## ARGUMENT

Assignment to the prior judicial panel is warranted because this matter is a "comeback case," as defined by Ninth Circuit General Order 1.12, and because it "predominately involves the interpretation and application of the prior panel decision" under General Order 3.6(d). The interest of judicial economy and the

---

[2] It is worth underscoring that EPA's 2020 registration, issued just months after this Court vacated the 2018 registration at issue in *NFFC II*, was similarly flawed and failed to abide by this Court's prior opinion and order; however, the district court determined it did not need to reach those renewed claims to vacate the registration, because it held EPA violated FIFRA in the first place by failing to hold notice and comment on the new uses. *NFFC III*, No. CV-20-00555-TUC-DCB, 2024 WL 455047, at *13–14.

7

efficient administration of justice will be best served by assigning the present case to the panel that decided *NFFC I* and *NFFC II*.

*First*, this Petition for Review qualifies as a "comeback case" because it is a subsequent petition "involving *substantially the same parties and issues* from which there previously had been a calendared appeal or petition." General Order 1.12 (emphasis added). The Court established "comeback" procedures that permit assignment of subsequent cases to prior judicial panels, and attorneys are encouraged to disclose those related matters in their pleadings.[3] This is the fourth case in a series, brought by the exact same Petitioners against the same Respondents, over the same serial EPA registration of new use of dicamba sprayed over the top of soybeans and cotton, and raising substantially the same—and sometimes identical—issues.

The legal and factual issues in this case mirror those considered by this Court in *NFFC I* and *NFFC II*. To give just a few examples, the Court previously held that EPA acted unlawfully in failing to consider and weigh the economic cost to farmers

---

[3] *See League of United Latin Am. Citizens v. Wheeler*, 940 F.3d 1126 (9th Cir. 2019) (mem.) (*en banc*) (discussing comeback case procedures); *The Appellate Lawyer Representatives' Guide: To Practice in the United States Court of Appeals for the Ninth Circuit*, 78–80 (May 2021 ed.), https://cdn.ca9.uscourts.gov/datastore/uploads/guides/AppellatePracticeGuide.pdf.

8

resulting from dicamba drift harm. *NFFC II*, 960 F.3d at 1142. Nonetheless, in the recent 2026 Registration, Petitioners will demonstrate that EPA flouted that requirement by again failing to assess or even attempt to quantify the extent of economic damage from crop losses and yield reductions. Second, the Court similarly held that EPA was required to consider and weigh the economic harm to farmers from forced "defensive" adoption of dicamba-resistant seeds to avoid drift harm, which created a substantial risk of a "monopoly or near-monopoly." *Id.* at 1142. Yet, as Petitioners will demonstrate, EPA again flouted this statutory mandate to consider, assess, and weigh an economic cost the prior panel deemed "virtually certain" to result from the new dicamba Registration. *Id.*

The Court also concluded that EPA violated FIFRA in relying on mitigation measures that were infeasible for farmers in order to reach a "no unreasonable adverse effects" dicamba approval decision. *See id.* at 1139–42, 1142, 1144. EPA repeated that violation, as Petitioners will demonstrate, by again heavily relying on complex label mitigations that are difficult if not impossible to follow, despite the prior panel highlighting farmers' "substantial difficulty in complying with the mitigation requirements" of similar past labels. *See id.* at 1142. As a result, EPA's dicamba new use Registration is once again unsupported by substantial evidence and in violation of FIFRA, as interpreted and applied by the prior panel.

9

***Second***, reassignment of the case to the same panel is warranted under Order 3.6(d), which explains that:

> When a new appeal is taken to this Court from a district court or agency decision following a remand or other decision by an argument panel, the Clerk's Office will notify the panel that previously heard the case that the new appeal or petition is pending, and will provide a brief description of the issues presented. The prior panel is encouraged to accept a case that predominately *involves the interpretation and application of the prior panel decision*, except when it is impossible to reconstitute the prior panel.

General Order 3.6(d) (emphasis added). This is the paradigmatic example of a such case warranting reassignment because, as explained above, EPA's latest dicamba new use Registration flouts this Court's decision in *NFFC II*, making the interpretation and application of the June 2020 panel decision and its holdings pivotal—if not alone determinative—to adjudication of this case.[4]

Whether styled as a comeback or just reassignment, the *NFFC I* and *NFFC II* panel is already well-versed in several complex factual and legal issues that will again be at issue in the present case and is best positioned to interpret and apply the

---

[4] *See, e.g.*, *Wheeler*, 940 F.3d 1126 (accepting as comeback cases under General Order 3.6 petitions for review of a follow-up EPA pesticide decision and referring to original three-judge panel); *cf. id.* at 1129 (Bea, J., dissenting) (disagreeing because the first case dealt with jurisdiction whereas the second addressed merits, but stating the rule as whether "properly presented issues in the new petitions are 'substantially the same' as properly presented issues in [petitioners'] petition for review of the initial [agency order.]"); *see also generally, e.g.*, *Parsons v. Ryan*, 949 F.3d 443, 451 (9th Cir. 2020); *Oregon Natural Desert Ass'n v. Rose*, No. 20-35641, ECF 10 (9th Cir. 2020); *United Transp. Union v. Burlington N. Santa Fe Ry. Co.*, 708 F. App'x 330 (9th Cir. 2017); *Lowe v. Johnson*, 701 F. App'x 548 (9th Cir. 2017).

holdings of its prior decision. Based on the prior rounds of litigation it oversaw and twice adjudicated, the panel is familiar with the background and development of dicamba spraying for the first time over the top of cotton and soy due to increasing weed resistance caused by overuse of glyphosate. *NFFC II*, 960 F.3d at 1125–27. The panel is highly cognizant of the extensive vapor and spray drift damage caused by EPA's prior dicamba registrations in the past growing seasons. *Id.* at 1127–29. The panel has in-depth knowledge of the prior dicamba registrations, *id.* at 1120–30, and the procedural history of the cases, *id.* at 1130–31. The panel also has extensive familiarity with the administrative and regulatory process that EPA is lawfully required to follow to assess dicamba's risks to the environment and the damage that dicamba causes, as well as how EPA weighs dicamba's costs and benefits. *Id.* at 1136–44 (concluding that EPA "substantially understated" some risks and entirely failed to acknowledge others).

    The prior panel is also well versed in the "mitigation" of dicamba spraying instructions that EPA asserted would prevent extensive off-field damage to crops, trees, other plants, and the wildlife that depend upon them, but which EPA failed to adequately assess, ignoring that farmers found the instructions difficult—if not impossible—to realistically follow in real world conditions. *Id.* at 1124-26, 1142. These issues will all be front and center again.

11

And although the panel did not find it necessary to reach the Endangered Species Act arguments in the prior cases, *id.* at 1124–25, those arguments were fully briefed to the panel in both the 2016 and 2018 briefing, *NFFC II*, No. 19-70115, Dkt. No. 39 at 36–74, Dkt. No. 72 at 2–22, and Dkt. No. 73 at 18–32, and will be substantially similar this time around, as EPA again failed to complete consultation with the expert wildlife agencies under Section 7 before re-registering the dicamba use.

Moreover, the panel immersed itself in the administrative record to conclude that EPA did not have substantial evidence to support dicamba's prior registration. *Id.* at 1144. The administrative records in *NFFC I* and *NFFC II* overlapped substantially and will again here, since the latest Registration arises from and is connected to the prior registration decisions and the studies that EPA previously relied upon. For example, the challenged Registration incorporates and builds upon the risk assessments and other registration decision documents EPA compiled in the prior registrations. EPA's latest decision continues to rely on many of the studies and assessments in the prior record. Having immersed itself in the prior, extensive administrative record and its assessments and data (or lack thereof), the panel will be far best equipped to assess any new studies completed by EPA.

In summary, the *NFFC II* panel is best positioned to determine whether EPA has, in fact, acknowledged, assessed, and cured the many deficiencies in its Registration that the panel described at length in *NFFC II*.

## CONCLUSION

For all these reasons, Petitioners respectfully ask this Court to assign the above-captioned case to the panel that decided *NFFC I* and *NFFC II*.

Respectfully submitted this 26th day of February 2026.

/s/ Stephanie M. Parent
Stephanie M. Parent
Benjamin T. Ranking
PO Box 11374
Portland, OR 97211
T: (503) 320-3235
sparent@biologicaldiversity.org
branking@biologicaldiversity.org

/s/ George A. Kimbrell
George A. Kimbrell
Kingsly A. McConnell
2009 NE Alberta St., Suite 207
Portland, OR 97211
T: (971) 271-7372
gkimbrell@centerforfoodsafety.org
kmcconnell@centerforfoodsafety.org

*Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

I certify the foregoing response complies with the format and page limit specified by Federal Rules of Appellate Procedure 27(d) and 32(a)(5) and Ninth Circuit Rule 27-1(1).

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on February 26, 2026. I certify that all participants in the case are registered users and that service will be accomplished by the appellate ACMS system.

<u>/s/ Stephanie M. Parent</u>
Stephanie M. Parent